IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:18-CV-112-FL

| | | |
|---|---|---|
| NELLIE NEWSOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BRANCH BANKING AND TRUST COMPANY; MORGAN STANLEY MORTGAGE CAPITAL, INC.; MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS, LLC; FV-1, INC.; IGLOO SERIES II TRUST; and U.S. BANK TRUST NATIONAL ASSOCIATION, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter comes before the court upon defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (DE 38, 41, 44). Plaintiff has failed to respond to these motions, and the time for doing so has elapsed. In this posture, the issues raised are ripe for ruling. For the following reasons, the court grants defendants' motions.

**STATEMENT OF THE CASE**

Plaintiff, proceeding pro se, commenced this action on June 25, 2018, asserting, as pertinent here, that defendants Branch Banking and Trust Company ("BB&T"); Morgan Stanley Mortgage Capital, Inc.; FV-1, Inc.; Morgan Stanley Mortgage Capital Holdings, LLC; U.S. Bank Trust National Association; and Igloo Series II Trust violated the Truth in Lending Act ("TILA"),

1

15 U.S.C. § 1601, et seq, in connection with a residential mortgage loan transaction.[1] For this violation, plaintiff seeks monetary relief including compensatory and punitive damages between $100,000.00 and $2,000,000.00; pre and post judgment interest; attorney's fees; and the refund of wrongfully collected sums. Additionally, plaintiff seeks rescission of the loan transaction.

On June 3, 2018, defendant BB&T filed the instant motion to dismiss for failure to state a claim upon which relief can be granted. On June 6, 2018, defendants FV-1, Inc., Morgan Stanley Mortgage Capital Holdings, LLC, and Morgan Stanley Mortgage Capital, Inc. filed the instant motion to dismiss on similar grounds also for failure to state a claim upon which relief can be granted. Finally, on June 6, 2018, defendants Igloo Series II Trust and U.S. Bank Trust National Association filed the instant motion to dismiss also for failure to state a claim upon which relief can be granted.

**STATEMENT OF FACTS**

The facts alleged in the complaint may be summarized as follows. On July 7, 2005, plaintiff obtained a mortgage on her property located at 544 Pine Ridge Road, Roanoke Rapids, North Carolina ("the property"), by executing a negotiable promissory note and deed of trust with BB&T for $249,000. (Compl. ¶¶ 36-38, 59). According to the complaint, BB&T failed to disclose material information during this transaction. (Id. ¶¶ 87, 92). Due to a series of allegedly unlawful and fraudulent transfers, defendants FV-I, Inc.; Morgan Stanley Mortgage Capital Holdings, LLC; U.S. Bank Trust National Association; and Igloo Series II Trust became holders of the negotiable promissory note and deed of trust. (Id. ¶¶ 11-14, 43-44, 53).[2] Despite allegedly lacking a lawful

---

[1] Plaintiff originally asserted fourteen causes of action against numerous defendants. On frivolity review, the court allowed the TILA claim to proceed against the defendants listed above. The other causes of action were dismissed without prejudice. (DE 6).

[2] Defendant Morgan Stanley Mortgage Capital, Inc. is not listed as a holder of the negotiable promissory note or deed of trust. However, this defendant is identified as the sponsor of the Morgan Stanley Mortgage Loan Trust 2005-7, and plaintiff alleges that Branch Banking and Trust transferred the negotiable promissory note to the

ownership interest in the property, defendants foreclosed on the property on June 20, 2018. (Id. ¶ 121).

## DISCUSSION

A. Standard of Review

"To survive a motion to dismiss" under Rule 12(b)(6), "'a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B. Analysis

Defendants argue the one-year statute of limitations under TILA bars plaintiff's claim for monetary relief. Additionally, defendants argue that TILA's three-year statute of repose bars plaintiff's claim for rescission of the loan transaction.

1. Plaintiff's claim for monetary damages under TILA

TILA requires creditors to disclose material information to borrowers during the execution of a loan. 15 U.S.C. § 1638(a). If a creditor violates this disclosure requirement, a borrower can seek monetary damages by filing suit "within one year from the date of the occurrence of the

---

Morgan Stanley Mortgage Loan Trust 2005-7. (Id. ¶¶ 7, 42, 53).

3

violation." Id. § 1640(e).

Here, the alleged TILA violation occurred on July 7, 2005, when plaintiff executed the negotiable promissory note and defendant BB&T allegedly failed during that transaction to disclose information about the loan to plaintiff. (See Compl. ¶¶ 36-38, 59, 87, 92). However, she did not initiate this action until June 25, 2018, almost thirteen years later. Therefore, the one-year statute of limitations under TILA bars plaintiff's claim for monetary relief. See 15 U.S.C. § 1640(e).

Plaintiff suggests that defendants' failure to comply with TILA's disclosure requirement tolled the statute of limitations. (Compl. ¶ 93). The United States Court of Appeals for the Fourth Circuit has recognized that fraudulent concealment can toll a statute of limitations. See Jones v. Saxon Mortg., Inc. 537 F.3d 320, 327 (4th Cir. 1998) ("[I]t is understandable that a statute of limitations is tolled by a defendant's fraudulent concealment."). However, in this case, plaintiff does not allege that defendants' nondisclosure was fraudulent. Instead, plaintiff merely asserts that the statute of limitations was tolled "due to [d]efendants' failure to effectively provide the required disclosures and notices." (Compl. ¶ 93). As such, the statute of limitations is not subject to equitable tolling.

2. Plaintiff's claim for rescission under TILA

TILA allows a borrower to rescind a loan transaction up to three years after execution of the loan. 15 U.S.C. § 1635(f); see also Gilbert v. Residential Funding LLC, 678 F.3d 271, 276 (4th Cir. 2012) ("If a creditor fails to comply with [TILA], the borrower has the right to rescind up to three years after the transaction."). Here, plaintiff executed the negotiable promissory note on July 7, 2005. (Compl. ¶¶ 36-38, 59). However, she did not assert her right to rescind until she commenced this action on June 25, 2018. Thus, her untimely request for rescission must be denied.

Moreover, the United States Supreme Court has classified 15 U.S.C. § 1635(f) as a statute of repose instead of a statute of limitations. Beach v. Ocwen Federal Bank, 523 U.S. 410, 414 (1998). Unlike a statute of limitations, a statute of repose is "an absolute time limit beyond which liability no longer exists and is not tolled for any reason." Jones v. Saxon Mortg., Inc. 537 F.3d 320, 327 (4th Cir. 1998). Therefore, plaintiff's suggestion in her complaint that defendants' nondisclosure tolled the time limit for rescission must fail.

In sum, where TILA's statute of limitations and statute of repose bar plaintiff's claim for monetary relief and rescission respectively, defendants' motions to dismiss must be granted.

## CONCLUSION

Based on the foregoing, the court GRANTS defendants' motions to dismiss. Where plaintiff's TILA claims are time barred, and plaintiff has failed to respond to the instant motions to dismiss, plaintiff's claims addressed herein are DISMISSED WITH PREJUDICE. The clerk is DIRECTED to close this case.

SO ORDERED, this the 10th day of October, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge